## MACCABE *v.* JONES.

.     (*Supreme Court, General Term, First Department.*   June 19, 1888.)

JUDGMENT—AMENDMENT—DEFECT OF PARTIES.
    In an action for specific performance by one claiming to be the assignee of a contract for the sale of land, where the court finds that plaintiff is not the owner of the contract, it is error also to find that the owner has abandoned the contract, and that it is void, as he or his representatives are not before the court, and the judgment will be amended by striking out all adjudication upon the merits.

Appeal from special term, New York county.

Action by Isaac J. MacCabe against Stephen W. Jones, as executor.   The case was tried before the judge without a jury, who found for defendant, and plaintiff appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Noah Davis*, for appellant.    *Abram Kling*, for respondent.

VAN BRUNT, P. J.   This action was commenced against one Wallace, a lunatic, and his committee, to compel a specific performance of a contract re-

lating to real estate. The contract was made in August, 1886, by Wallace, before he became a lunatic, with one James Fanin. In February, 1884, before the contract was completed, Wallace was adjudged a lunatic, and in July,· 1884, Fanin died. His brother was appointed his administrator, an as such administrator attempted to assign this contract to the plaintiff, who brought this action. The answer denied the authority of the plaintiff to maintain the action, and also alleged an abandonment of the contract by Fanin. Upon the trial the learned court found that the plaintiff acquired no title to the contract in question by the assignment to him thereof by Fanin's administrator, but that upon Fanin's death the said contract vested in the heirs at law of said Fanin. The court thereupon found that the contract had been abandoned by Fanin, and that it was void. No complaint seems to be made upon this appeal with the finding that the plaintiff had no title to the contract in question, but it is urged that, after the court had found that the title to the contract, if any existed, was not in the plaintiff, that, as only one party to the contract was before the court, no valid judgment could be rendered affecting the merits of the controversy. In this position we think the appellant is correct. There were no parties before the court to be affected by such a judgment. The owners of the contract were not parties to the action by the express adjudication, and when this fact appeared the court should have refrained from making any adjudication upon the merits. Such judgment was merely obtained *ex parte*, and could have had no effect upon the real parties in interest. It may be said that then it can do no harm, but no judgment of the court should be allowed to stand which is entered without having the proper parties before it. If it is void, it should be declared so, and not remain upon the record to occasion mischief, perhaps, in a manner least expected. The judgment should be modified by striking therefrom all adjudication upon the merits, so that it will be simply a dismissal of the complaint, with the costs and allowance therein mentioned, and as modified affirmed, without costs of this appeal.

BRADY and DANIELS, JJ., concurred.